UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMIE JUNIOR CLARK,

    Petitioner,

v.

KURT JONES,

    Respondent.

Case No. 1:06-cv-72

Honorable Gordon J. Quist

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner failed to exhaust his state-court remedies.

## Discussion

I. Factual Allegations

Petitioner is incarcerated in the Boyer Road Correctional Facility. Petitioner was charged with receiving or concealing stolen property worth more than $1,000 but less than $20,000, MICH. COMP. LAWS § 750.535(3)(a), with regard to a pickup truck stolen from Midwest Steel Company. Petitioner was acquitted of the charge. Subsequently, on July 2, 2003, Petitioner was convicted in the Wayne County Circuit Court of one count of larceny over $1,000 but less than $20,000, MICH. COMP. LAWS § 750.356(3)(a), regarding a welder stolen from Midwest Steel Company. Petitioner was sentenced as a fourth habitual offender on October 24, 2003, to a term of imprisonment of 46 months to twenty-five years. Petitioner appealed to the Michigan Court of Appeals raising claims of double jeopardy and collateral estoppel. The Michigan Court of Appeals affirmed his conviction on September 13, 2005.[1] Presenting the same claims, Petitioner appealed to the Michigan Supreme Court. His application for leave to appeal was denied on December 27, 2005.

Petitioner filed the instant habeas petition on January 30, 2006, raising the following four grounds for habeas relief, as stated verbatim from his petition:

> A. I was denied an oral argument on direct appeal despite requesting one on my brief.
>
> B. The Prosecutor added the transaction (theft) of the welder with the theft of the truck.
>
> C. My conviction was barred by double jeopardy and collateral estoppel.

---

[1] *People v. Clark*, No. 252545, 2005 WL 2219474 (Mich. Ct. App. Sept. 13, 2005).

- 2 -

    D.    The new authority, state case law, controlling double jeopardy because I was sentenced before the controlling case became law.

II.    <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not presented on direct appeal his claim regarding the application of law not in effect at the time of sentencing (Ground D), and his challenge to the process he received before the Michigan Court of Appeals (Ground A).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner can raise his unexhausted claims in a motion for relief from judgment.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on December 27, 2005. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Souter v. Jones*, 395 F. 3d 577, 586 (6th Cir. 2005); *Abela v. Martin*, 348 F. 3d 164, 172-73. The ninety-day period expires on March 27, 2006. Accordingly, Petitioner has one year, until March 27, 2007, in which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated

that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[2] Because Petitioner has an entire year remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for failure to exhaust his state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

---

[2]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on exhaustion grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

   A Judgment consistent with this Opinion will be entered.

Dated: _____     \_\_\_\_/s/ Gordon J. Quist_____
                 Gordon J. Quist
                 United States District Judge